■    In the Matter of the Estate of LENA M. STANLEY, Deceased. FRANK G. LONGNECKER, Appellant; SUSAN T. FOX et al., Individually and as Administratrices of the Estate of LENA M. STANLEY, Deceased, et al., Respondents.— Appeal from so much of a decree of the Surrogate's Court of Tompkins County awarding letters of administration, as directed that no withdrawals be made from a certain savings bank account. Appellant, a lawyer, by petition alleging that he is a creditor of decedent, prayed for the issuance of letters of administration upon her estate to her two cousins, who are her only distributees. Subsequently he filed his affidavit stating that on account of his interest as a creditor he desired "a prudent economy of administration, sparing all unnecessary expense", and requesting that restrictive letters issue under section 89 of the Surrogate's Court Act and that a bond be dispensed with pursuant to section 97 thereof, so that "bond expense" would "thus be minimized". The order granting letters, and the letters themselves, each contained the direction that "no withdrawals be made from the Ithaca Savings Bank Account No. 64109 without Order of the Court". Petitioner appeals, asserting that the restriction was improper because there was no evidence before the Surrogate with reference to, or even as to the existence of, the account. The record before us, to which we are, of course, confined, indicates no possible prejudice to appellant's status and rights as an alleged creditor, or otherwise, by reason of the restriction. It is, in fact, consistent with the relief suggested in his affidavit. Consequently, he may not be deemed a "party aggrieved" so as to be entitled to appeal. (Surrogate's Ct. Act, § 288). Appeal dismissed, with $10 costs, payable from the estate. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.